**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

U. S. DISTRICT COURT
EASTERN DIST. OF LOUISIANA

Filed 5-11-05

LORETTA G. WHYTE
CLERK

*Brian P. Marcelle*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Suite B210*
*New Orleans, LA   70130*

*Telephone # :(504) 680-3081*
*Fax # : (504) 589-6727*

May 11, 2005

Honorable Eldon E. Fallon
United States District Judge
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana   70130

    Re:   United States v. Terry's Seafood, Inc.
          Criminal Docket No. 05-121 "L"

Dear Judge Fallon:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Terry's Seafood, Inc. ("Terry's"), the defendant in the above-captioned proceeding. Defendant's undersigned counsel, Wiley Beavers, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant has agreed to waive its right to be charged by way of indictment and has agreed to allow the government to charge it by way of a Bill of Information. The defendant, Terry's, has also agreed to plead guilty to Count 1 of the Bill of Information which charges the corporation with violating Title 16, United States Code, Sections 3372(a) and 3373(d)(1)(B), a felony violation of the Federal Lacy Act.

    The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is: not less than one (1) nor more than five (5) years probation and/or a fine of $20,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Fee_____
Process_____
X Dktd_____
__CtRmDep___
Doc.No._____

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal its sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest its sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of probation and fine allowed by law, including any restitution deemed owed.

This plea agreement is predicated upon the fact that the defendant's representatives agree to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands that its representatives must be completely truthful. The defendant also agrees to allow its representatives to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands that if its representatives are not truthful, this agreement will be null and void and the involved parties may be prosecuted for perjury or making false

statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The Government also agrees that any statements or testimony given by the defendant's representatives pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the representatives of the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should its representatives commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and additional criminal charges may be filed.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which it is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information filed by the United States. The defendant agrees that any asset charged in the Bill of Information is forfeitable as proceeds of the illegal activity for which it is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within its possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 (attached). The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

Brian P. Marcelle
Assistant United States Attorney

~~Wiley Beevers~~ Zach Butterworth
Attorney for the Defendant    (Date)

Keath Ladner                   (Date)
o/b/o "Terry's Seafood, Inc."
Defendant

4